IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD FARR,

    Petitioner,                   No. CIV S-08-3125 GEB KJM P

    vs.

D. K. SISTO, et al.,

    Respondents.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner only raises one claim; that the decision to deny him parole in 2007 resulted in a violation of the Due Process Clause of the Fourteenth Amendment. Pet. at 5. Respondents have filed a motion to dismiss in which respondents argue that petitioner has failed to exhaust state court remedies with respect to this claim.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

/////

1

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). See also Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) as amended by 247 F.3d 904 (9th Cir. 2001) (petitioner exhaust only if he "characterize[s] claims he raised in state proceedings *specifically* as federal claims" (emphasis in original)); Peterson v. Lampert, 319 F.3d 1153, 1159-60 (9th Cir. 2003) ("'mere similarity' between a state claim presented in state court and federal claim made in the habeas petition does not suffice to avoid procedural default").

On September 11, 2008, petitioner filed his only California Supreme Court challenge to his 2007 denial of parole. Mot. To Dismiss, Ex. 5. While petitioner challenged the fact that he was denied parole in 2007, he failed to do so based upon a violation of the Fourteenth Amendment or any other principle of federal law. Rather, petitioner's California Supreme Court challenge is based upon an asserted violation of the California Supreme Court's decision in In re Lawrence, 44 Cal.4th 1181 (2008). Id.[1] While petitioner argues in his

---

[1] Petitioner did cite federal law in his petitions filed with the lower state courts, signaling his awareness of federal authority and a conscious decision to eliminate any reference to such

2

opposition to respondents' motion to dismiss that a citation to <u>Lawrence</u> is tantamount to an assertion of a violation of the Due Process Clause of the Fourteenth Amendment, the majority opinion in <u>Lawrence</u> serves to clarify a standard articulated in <u>In re Rosenkrantz</u>, 29 Cal.4th 616 (2002). In <u>Rosenkrantz</u>, the California Supreme Court was careful to note that it had no occasion to determine whether that standard was applicable to any claim arising under federal law. <u>Id</u>. at 658 n.12.

In light of the fact that petitioner has not "fairly presented" the federal claim presented in this action to the California Supreme Court, petitioner's habeas petition must be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (#12) be granted; and

2. This action be dismissed for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 21, 2009.

_____
U.S. MAGISTRATE JUDGE

1
farr3125.157

---

authority in his petition to the state Supreme Court. Mot. To Dismiss, Exs. 1, 3.